Andy E. BIRCHER, Appellant
(Plaintiff below),

v.

Dean FOSTER, Appellee (Defendant below).

No. 3101.

Supreme Court of Wyoming.

Feb. 21, 1963.

---

Hufsmith & Burns, Robert A. Hufsmith, Jackson, for appellant.

Brooke Wunnicke of Williams, Wunnicke & Fennell, Cheyenne, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

This is an action for wrongful death arising out of an automobile accident wherein Jerry Bircher, son of plaintiff, was killed while a passenger in a vehicle being driven by defendant. Plaintiff filed complaint on August 7, 1961, just before the expiration of the two-year period of limitation prescribed by § 1–1066, W.S.1957,[1] alleging:

"1. That the plaintiff brings this action as father and personal representative of Jerry Bircher, deceased, for the benefit of those entitled by law to share in the distribution of any amounts obtained in this action for wrongful death."

Defendant denied generally the allegations of the complaint and specifically the assertion that plaintiff was the personal representative of the deceased, filing interrogatories concerning the existence of probate proceedings. On October 14 plaintiff answered the interrogatories, stating that "No probate proceedings have been commenced anywhere in behalf of said Jerry Bircher."

On October 23 defendant filed motion for summary judgment under the provisions of Rule 56, Wyoming Rules of Civil Procedure, and on November 20 the court granted the motion and ordered that plaintiff recover nothing by the suit. On the same day as the entry of the judgment, plaintiff orally moved that he be appointed the personal representative of Jerry Bircher, and on November 30 an order was entered denying that motion.

Plaintiff has appealed from the summary judgment and the parties have stipulated that plaintiff was the father of deceased,

---

1. "Every such action shall be brought by, and in the name of, the personal representative of such deceased person; and the amount received in every such action shall be distributed to the parties and in the proportions provided by law, in relation to the distribution of personal estates left by persons dying intestate. * * * The amount so recovered shall not be subject to any debts or liabilities of the deceased; provided, that every such action shall be commenced within two (2) years after the death of such deceased person."

that the motion for appointment of personal representative was made after the running of the statute of limitation, and that except for the contingent amount which might be recovered in a wrongful death action there was no property of decedent subject to being probated. By the parties' agreed statement, the questions of law presented are:

1. Whether the court erred in denying plaintiff's motion for appointment of personal representative in the wrongful death action.

2. Whether the court erred in rendering summary judgment against plaintiff for the reason that no probate proceeding had been filed and no administrator or executor appointed within the time limit prescribed in the wrongful death statutes.

3. Whether a plaintiff who affirmatively alleges that he brings an action as personal representative for the benefit of others is a proper party plaintiff in a wrongful death action where no probate proceeding has been filed and no administrator or executor appointed in the decedent's estate.

Plaintiff argues that in suits brought by a personal representative under statutes requiring him to bring the action for the benefit of certain persons, he is merely a nominal party having no interest in the case himself or the estate which he represents, that he does not act in his capacity as executor, administrator, or representative of decedent's estate but as trustee on behalf of the particular persons designated in the Act. It is further urged that the words "personal representative" include anyone who succeeds to the right of another, such as heirs, next of kin, assignee by contract or operation of law, a trustee, or receiver. Numerous statements of encyclopedic authority are cited and reference is made to various pronouncements of other jurisdictions, but under the circumstances, none of these would seem to merit discussion since previous opinions of this court are determinative of the problem.

Judge Riner in Massion v. Mt. Sinai Congregation, 40 Wyo. 297, 276 P. 930, 933, said:

"* * * it is reasonably plain that the promise as made [by a widow] did not and could not operate as a present transfer or release of the alleged cause of action which existed only in favor of and under control of the personal representative of Enoch Massion, deceased, yet to be appointed, and subject to the direction of the probate court. * * *"

In Tuttle v. Short, 42 Wyo. 1, 288 P. 524, 529, 70 A.L.R. 106, Judge Riner after considering various Wyoming statutes, including the predecessor of § 1–1066, said:

"Under the Wyoming statutes it is plain that an action for death by wrongful act can be brought only by and in the name of the personal representative for the benefit of those who, under the state law, would share in the distribution of the deceased's personal estate in the event he died intestate * * *."

In Coliseum Motor Co. v. Hester, 43 Wyo. 298, 3 P.2d 105, 108, Judge Blume in discussing the same statute said, "The administrator acts but in the capacity of a trustee."

While the statute here under consideration, Wyoming's version of Lord Campbell's Act, is anomalous in some respects and leaves certain unanswered questions as reflected by various discussions of the subject,[2] it would seem clear that this court in the past has been consistent in holding that the only person who could bring an action for wrongful death was the personal representative of the deceased, the executor or administrator of decedent's estate. We see no reason why these views should now be altered.

Plaintiff presents some argument that the proceedings may be amended to permit a proper party to be made plaintiff.

This subject is not relevant to the present situation or within the issues of the appeal since the record shows that there was never any request for an amendment of the complaint. Plaintiff did present a motion for appointment of personal representative wherein it was requested that Andy E. Bircher, the natural father of Jerry Bircher, "be appointed as the personal representative of said Jerry Bircher for the purposes of the within action." This was submitted orally on the day the summary judgment was entered, and the written motion, as well as the order denying same, was filed some ten days later. However, there is no authority in this State either by statute or decision whereby a district court, unless sitting in probate, would be authorized to appoint a father as the personal representative of a deceased son for the purposes of a death action.

The judgment is affirmed.