**40 NORTH CORPORATION, a Wyoming Corporation; and Frank Neal, Appellants (Defendants),**

v.

**Donald L. MORRELL and Mary L. Morrell, Appellees (Plaintiffs).**

No. 97–248.

Supreme Court of Wyoming.

Sept. 24, 1998.

Georg Jensen, Cheyenne, for Appellants(Defendants).

Mitchell E. Osborn of Grant & Osborn, Cheyenne, for Appellees(Plaintiffs).

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

TAYLOR, Justice.

Appellants contest the issuance of summary judgment against them that awarded a money judgment and foreclosed a real estate mortgage on certain real property located in Laramie County, Wyoming. Appellants claim that their rights are governed by the

* Chief Justice at time of expedited conference.

contract for sale, in addition to the mortgage, promissory note, and deed that were exchanged by the parties. Holding that the parties' rights are governed solely by the mortgage, promissory note and deed, we affirm the district court.

## I. ISSUES

Appellants, 40 North Corporation (40 North) and Frank Neal (Neal), state the issues in this manner:

1. In order to prevail on a defense of Waiver is it necessary to plead the same as an affirmative defense?

2. Does the naming of a stockholder or officer of a corporation in a complaint without further allegations state a cause of action against such individual on which the court can grant judgment without any further evidence?

3. Should the court pick and choose between conflicting affidavits in rendering a decision on a motion for summary judgment?

The appellees, Donald L. and Mary L. Morrell (the Morrells), articulate one issue:

1. Does a purchase agreement for real estate in Wyoming become merged in or superseded by the actual sale documents, i.e. the Warranty Deed, Mortgage and Promissory Note.

Answer: Yes

## II. FACTS

On August 27, 1992, the Morrells entered into an agreement to sell real property located in Laramie County to 40 North. Neal signed the agreement on behalf of 40 North as owner and operator of the corporation. The sale was consummated on September 21, 1992, when the Morrells delivered a warranty deed to 40 North in exchange for a promissory note and mortgage. The promissory note provided that the documents of sale and the payments would be deposited in escrow until the promissory note was paid.

The contract for sale, styled as an Offer, Acceptance & Receipt, provided that the resulting mortgage "shall provide that it shall be subordinate to financing to be obtained by the Purchaser for the purpose of improving the property." However, the mortgage did not include a subordination clause as required by the initial contract for sale.

The parties proceeded under the terms of the promissory note and mortgage until May 21, 1996, when the Morrells notified Neal that he had missed eleven payments and demanded full payment of the promissory note. On October 25, 1996, the Morrells discovered that 40 North had failed to pay property taxes due on the property for the years 1993, 1994, and 1995 as provided in the mortgage. The property had been sold to satisfy the delinquent taxes. The Morrells were required to pay $1,143.55 to redeem the property. 40 North also failed to pay the property taxes for 1996, thus obligating the Morrells to pay an additional $296.38 to prevent the property from again being sold for taxes.

Pursuant to the promissory note and mortgage agreement, the Morrells notified the escrow agent that 40 North had defaulted on the mortgage, and requested the contents of the escrow. The escrow agent, however, refused to surrender the contents of the escrow until directed by court order.

Thereafter, the Morrells instituted the present action to secure delivery of the escrow documents or for judgment on their promissory note and mortgage. 40 North counterclaimed, alleging that the Morrells breached the contract by failing to subordinate their mortgage as provided in the contract for sale. The Morrells moved for summary judgment and the district court granted the motion. The Morrells were awarded judgment on the secured indebtedness plus interest of eight percent from the time of the judgment. The mortgage was foreclosed and the contents of the escrow were ordered to be delivered to the Morrells. The district court dismissed 40 North's counterclaim with prejudice. This timely appeal followed.

## III. STANDARD OF REVIEW

We will uphold a summary judgment when there is no genuine issue as to any material fact, and the moving party is

entitled to judgment as a matter of law. W.R.C.P. 56(c). We have held that summary judgment is appropriate in cases involving contracts when the language of the agreement is plain and unequivocal. *Flying J, Inc. v. Booth,* 773 P.2d 144, 148 (Wyo.1989); *Dudley v. East Ridge Development Co.,* 694 P.2d 113, 117 (Wyo.1985). The interpretation of an unambiguous contract is a question of law and, for that reason, summary judgment is appropriate with respect to disputes relating to unambiguous contracts. *Lincoln v. Wackenhut Corp.,* 867 P.2d 701, 703 (Wyo. 1994); *Prudential Preferred Properties v. J and J Ventures, Inc.,* 859 P.2d 1267, 1271 (Wyo.1993); *Continental Ins. v. Page Engineering Co.,* 783 P.2d 641, 651 (Wyo.1989). Summary judgment is a legally appropriate remedy because it eliminates formal trials when only questions of law are presented. *Bryant v. Hornbuckle,* 728 P.2d 1132, 1135 (Wyo.1986).

Our review of summary judgment is well established:

> "We review a summary judgment in the same light as the district court, using the same materials and following the same standards. We examine the record from the vantage point most favorable to the party opposing the motion, and we give that party the benefit of all favorable inferences which may fairly be drawn from the record. A material fact is one which, if proved, would have the effect of establishing or refuting an essential element of the cause of action or defense asserted by the parties."

*Raymond v. Steen,* 882 P.2d 852, 856 (Wyo. 1994) (*quoting Kilmer v. Citicorp Mortgage, Inc.,* 860 P.2d 1165, 1167 (Wyo.1993) and *Wagner v. First Wyoming Bank, N.A. Laramie,* 784 P.2d 224, 226 (Wyo.1989)).

### IV.  DISCUSSION

■ 40  North's claim on the contract for sale fails because delivery of a mortgage, promissory note, and warranty deed merges the prior executory contract for sale into the current agreement. *Bakken v. Price,* 613 P.2d 1222, 1227 (Wyo.1980). In *Bakken,* the parties agreed in a contract for sale of real property that upon seller's acceptance of the offer, the seller would furnish the buyer with a title insurance policy. Seller did not furnish the agreed upon insurance policy, but the buyers accepted a warranty deed in exchange for a promissory note and mortgage without the insurance policy. The buyers then attempted to record the deed, but could not, and sued to rescind the contract and recover their down payment. *Id.* at 1223. We stated that the effect of delivery of a deed in exchange for a promissory note and mortgage was to merge the prior executory contract for sale into the final agreement. *Id.* at 1227.

> Since a contract is no longer executory but is executed upon making and delivering the deed, it is the further appropriate rule of law that, thereafter, the provisions of the contract are merged into the deed and it is the deed that controls the rights and obligations of the parties.

*Id.*

■ Here, essentially the same thing has occurred. 40 North accepted a warranty deed to the property in exchange for a promissory note and mortgage. While the executory contract for sale stated that the resulting mortgage would have a subordination clause, the final agreement did not include such a clause. At the time of delivery and acceptance of the deed, the executory contract for sale merged into the deed, mortgage and promissory note. 40 North can only assert breach of contract against the Morrells based upon the covenants in the deed, mortgage, and promissory note. Since there is no subordination clause in the mortgage, 40 North has no basis for asserting breach of contract.

Moreover, as in *Bakken,* "the parties, indeed, undertook to act and conduct themselves in a way which was inconsistent with the terms of the buy-and-sell agreement. They clearly did not continue to rely upon their rights under the contract." *Bakken,* 613 P.2d at 1227. Even though the mortgage failed to contain a subordination clause as required by the contract for sale, 40 North accepted the deed in exchange for the promissory note and mortgage and never attempted to enforce the subordination clause until the declaratory judgment action was brought

by the Morrells. 40 North conducted itself under the terms of the mortgage for four years. Only when faced with default did 40 North attempt to assert rights under the contract for sale.

■ 40 North has styled the issue as one of waiver, contending that it did not waive its right to request subordination by accepting the mortgage and promissory note. This argument, however, misapprehends the nature of merger. At the time the executory contract for sale merged into the final agreement, the contract for sale ceased to exist. *First Southwestern Financial Services v. Laird,* 882 P.2d 1211, 1216 (Wyo.1994); *Hayes v. Production Credit Ass'n of the Midlands,* 813 P.2d 1302, 1303 (Wyo.1991); *Newman v. American Nat. Bank,* 780 P.2d 336, 340 (Wyo.1989). The mortgage, promissory note and deed are the only remaining instruments under which 40 North could waive rights.

■ 40 North and Neal raise two additional issues, both of which we find to be without merit. First, 40 North claims that the mortgage and promissory note require that in the event of default, 40 North is entitled to notice and time to cure such default before the Morrells can foreclose. However, paragraph 7 of the mortgage clearly states that in the event of default, "the indebtedness hereby secured * * * shall become ***immediately*** due and payable, at the option of the Mortgagee * * *." (Emphasis added.) No notice or time to cure is required by the agreement. The Morrells acted appropriately upon learning of the delinquent taxes in immediately notifying the escrow agent of the default.

■ 40 North also claims that the inclusion of Neal in the judgment was inappropriate, as he is merely an officer of the corporation. This argument will not be considered for two reasons. First, 40 North and Neal are foreclosed from bringing this issue on appeal since neither raised it at any time in the court below. Either 40 North or Neal could have made a motion at any time during the prior proceedings to sever Neal as a defendant under W.R.C.P. 21, but neither did so. In fact, counsel for 40 North and Neal approved the form of the judgment that spe-

cifically named Neal as a defendant. We have consistently held that we do not address issues raised for the first time on appeal. *Nelson v. Sheridan Manor,* 939 P.2d 252, 255 (Wyo.1997); *Robinson v. Hamblin,* 914 P.2d 152, 154 (Wyo.1996).

■ Second, 40 North and Neal have failed to make an adequate argument to this court. "It is the duty of counsel to isolate and explain any theory relied upon." *Scherling v. Kilgore,* 599 P.2d 1352, 1359 (Wyo. 1979); *see also* W.R.A.P. 7.01(f) (requiring an argument "with citations to the authorities, statutes and parts of the record relied on[.]"). 40 North and Neal have made no attempt to set out cogent authority for their contention that Neal is an inappropriate party. "[W]here an appellant asserts error but cites no authority and makes only a perfunctory argument in support of the contention, this court will not consider the contention." *Scherling,* 599 P.2d at 1359; *Joly v. Safeway Stores, Inc.,* 502 P.2d 362, 365 (Wyo.1972).

## V. CONCLUSION

Once the deed, promissory note, and mortgage were delivered, the executory contract for sale was executed and merged into the final agreement, which controls the rights and obligations of the parties. The mortgage has no subordination clause; therefore, 40 North defaulted on the mortgage when it failed to pay the property taxes. The Morrells were entitled to demand return of the escrow documents without notice to 40 North, as provided by the mortgage. Summary judgment was appropriate as there is no genuine issue of material fact, and the Morrells are entitled to recover under the promissory note and mortgage as a matter of law. The district court's order is affirmed.