2012 WY 72

Christine NODINE, Personal Representative of the Estate of David Nodine, Appellant (Plaintiff),

v.

JACKSON HOLE MOUNTAIN RESORT CORPORATION, a Wyoming Corporation, Appellee (Defendant).

No. S–11–0265.

Supreme Court of Wyoming.

May 23, 2012.

Representing Appellant: Andrew L. Payne and Shannon T. Hays of Payne Mitchell Law Group, Dallas, Texas; Terry W. Mackey of Terry W. Mackey, P.C., Cheyenne, Wyoming.

Representing Appellee: James K. Lubing and Leah K. Corrigan of Lubing & Corrigan, LLC, Jackson, Wyoming; Mikel L. Moore of Moore, Cockrell, Goicoechea & Axelberg, P.C., Kalispell, Montana.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

GOLDEN, Justice.

[¶ 1] Christine Nodine (Mrs. Nodine), whose husband was killed by an avalanche on a ski run at Jackson Hole Mountain Resort (JHMR), appeals the district court's summary judgment order dismissing her

wrongful death action. The district court dismissed the action because Mrs. Nodine, although duly appointed as personal representative of her husband's estate in her home state of Texas, had not been appointed personal representative by the Wyoming state district court upon the filing of her wrongful death action and before the two-year period for filing the wrongful death action expired. We reverse.

## ISSUES

[¶ 2] Mrs. Nodine presents the following issues on appeal:

1. Did the District Court err by applying the holding of *Estate of Johnson*, 2010 WY 63, 231 P.3d 873 (Wyo.2010), to this case given that the opinion provides the ruling would have prospective application only and the cause of action in this matter accrued long before the publication of *Estate of Johnson?*

2. If *Estate of Johnson* applied, would the confirmation of Mrs. Nodine as personal representative by the District Court have related back to the initial filing of her timely state court complaint under the Wyoming Wrongful Death Act?

3. Did the District Court commit error when it concluded that a personal representative lawfully appointed by a Texas probate court, who then timely filed her wrongful death complaint, failed to meet the conditions precedent for bringing a Wrongful Death Act claim in Wyoming?

4. Did the District Court err in ruling that JHMR had standing to challenge Mrs. Nodine's capacity?

## FACTS

[¶ 3] On December 27, 2008, Mrs. Nodine's husband, David Nodine, was killed by an avalanche on a JHMR ski run. On July 16, 2009, a Texas probate court appointed Mrs. Nodine as the Independent Administrator of her deceased husband's estate. On September 17, 2009, Mrs. Nodine filed a wrong death action against JHMR in the United States District Court for the District of Wyoming.

[¶ 4] On May 18, 2010, while Mrs. Nodine's action was pending in federal court, this Court issued a decision holding that the personal representative for purposes of bringing a Wyoming wrongful death action must be appointed within the wrongful death action by the court with jurisdiction over that action. *See In re Estate of Johnson*, 2010 WY 63, ¶ 21, 231 P.3d 873, 881 (Wyo.2010). On October 5, 2010, Mrs. Nodine filed her Second Amended Complaint, which included her continuing allegation that she was the duly qualified and appointed personal representative of her husband's estate and that she was a proper wrongful death plaintiff under the Wyoming Wrongful Death Act. On October 14, 2010, JHMR filed its answer to the amended complaint and admitted those allegations.

[¶ 5] On November 24, 2010, after completion of discovery and the filing of summary judgment motions, the federal court granted JHMR's motion for summary judgment and dismissed Mrs. Nodine's wrongful death claim, without prejudice. The federal court found that the forum selection clause on a liability waiver signed by Mr. Nodine before his accident was binding and required that any action against JHMR be brought in state district court in Teton County, Wyoming.

[¶ 6] On December 22, 2010, five days before the two-year filing period expired, Mrs. Nodine filed her wrongful death action in state district court in Teton County. On April 29, 2011, JHMR filed a summary judgment motion seeking judgment both on the merits of Mrs. Nodine's claim and on the ground that Mrs. Nodine was not properly appointed as the personal representative of Mr. Nodine's estate for purposes of maintaining her state court action under the Wyoming Wrongful Death Act. On June 3, 2011, Mrs. Nodine requested that the district court appoint her personal representative of her husband's estate for purposes of maintaining her wrongful death action.

[¶ 7] On September 30, 2011, the district court entered its Order Granting Defendant's Motion for Summary Judgment. In dismissing Mrs. Nodine's action, the district court did not rule on the merits of Mrs. Nodine's

claims, but instead dismissed on the ground that Mrs. Nodine lacked the capacity to maintain her action. In so ruling, the court reasoned (footnotes omitted):

11. In the case at hand, Plaintiff was never appointed by this Court as the personal representative for the purposes of this wrongful death action, but was only appointed as a personal representative in a separate probate action in Texas. This violates the clear dictates of *Estate of Johnson*. It was only on June 3, 2011, more than a month after the filing of Defendant's summary judgment motion and more than three months after Defendant denied in its answer that Plaintiff was a proper personal representative, that Plaintiff sought such an appointment. The Wyoming Supreme Court's edict in *Estate of Johnson* is clear: the district court must appoint a personal representative for the purpose of filing a wrongful death action at the outset of the action. *Id.* Because the appointment of a personal representative is a condition precedent to a wrongful death case, Plaintiff's failure to seek and secure that appointment is fatal to her claim.

12. Plaintiff's claim also fails because the two-year condition precedent set by statute has lapsed. Mr. Nodine died on December 27, 2008, so the applicable time period lapsed on December 27, 2010. While both the federal court case and this case were timely filed, Plaintiff's attempt to cure her failure to seek appointment as personal representative in June 2011 came well after the applicable time period expired.

[¶ 8] On October 25, 2011, Mrs. Nodine timely filed a Notice of Appeal from the district court's order dismissing her wrongful death claim.

## STANDARD OF REVIEW

[¶ 9] Motions for summary judgment come before the trial court pursuant to Rule 56(c) of the Wyoming Rules of Civil Procedure, which provides that

[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

*Formisano v. Gaston*, 2011 WY 8, ¶ 3, 246 P.3d 286, 288 (Wyo.2011). We review a grant of summary judgment as follows:

We review a summary judgment in the same light as the district court, using the same materials and following the same standards. [*Snyder v. Lovercheck*, 992 P.2d 1079, 1080 (Wyo.1999)]; *40 North Corp. v. Morrell*, 964 P.2d 423, 426 (Wyo. 1998). We examine the record from the vantage point most favorable to the party opposing the motion, and we give that party the benefit of all favorable inferences that may fairly be drawn from the record. *Id.* A material fact is one which, if proved, would have the effect of establishing or refuting an essential element of the cause of action or defense asserted by the parties. *Id.* If the moving party presents supporting summary judgment materials demonstrating no genuine issue of material fact exists, the burden is shifted to the non-moving party to present appropriate supporting materials posing a genuine issue of a material fact for trial. *Roberts v. Klinkosh*, 986 P.2d 153, 155 (Wyo.1999); *Downen v. Sinclair Oil Corp.*, 887 P.2d 515, 519 (Wyo.1994). We review a grant of summary judgment deciding a question of law de novo and afford no deference to the district court's ruling. *Roberts v. Klinkosh*, 986 P.2d at 156; *Blagrove v. JB Mechanical, Inc.*, 934 P.2d 1273, 1275 (Wyo.1997).

*Lindsey v. Harriet*, 2011 WY 80, ¶ 18, 255 P.3d 873, 880 (Wyo.2011).

## DISCUSSION

[¶ 10] The district court interpreted this Court's holding in *Johnson* to require that Mrs. Nodine's wrongful death action be dismissed. We start then with our holding in *Johnson*.

[¶ 11] *Johnson* was an appeal from a probate court order denying the petition of a decedent's wife to revoke the appointment of

the decedent's father as personal representative of the decedent for the filing of a wrongful death claim. *Johnson*, ¶ 3, 231 P.3d at 876. This Court's analysis in *Johnson* focused on the different functions of the probate code and the Wrongful Death Act. *Id.,* ¶¶ 10–13, 231 P.3d at 878–79. We reached our ultimate holding in the case based on the plain language of the Wrongful Death Act, which we found contained no requirement that the personal representative in a wrongful death action be the personal representative who was appointed for probate purposes:

We must keep in mind the appropriate role of this Court in interpreting statutes. In addition to the general rules of statutory construction set forth above (*see supra* ¶ 8), we note the particular admonition that "[w]e will not insert language into the statutes that the legislature omitted." *Merrill v. Jansma,* 2004 WY 26, ¶ 29, 86 P.3d 270, 285 (Wyo.2004). Long ago, the federal district court for the District of Wyoming followed that very precept in holding that, inasmuch as Wyoming's wrongful death act does not require the personal representative to be a resident of Wyoming, it was not up to the courts to insert that requirement. *Ashley v. Read Constr. Co.,* 195 F.Supp. 727, 729 (D.Wyo.1961). Today, we merely expand upon that observation by holding that, *inasmuch as Wyoming's wrongful death act does not require the personal representative to be the probate estate's administrator or executor, it is not up to this Court to insert that requirement.*

*Johnson*, ¶ 15, 231 P.3d at 880 (emphasis added).

[¶ 12] After holding that the Wrongful Death Act does not require the personal representative to be the probate estate's administrator or executor, we explained that the appointment of a personal representative for purposes of prosecuting a wrongful death claim was a discretionary task to be completed within the wrongful death action itself. *Johnson*, ¶¶ 17, 21, 231 P.3d at 880–81. Our opinion in *Johnson* did not define the appointment of the personal representative as a jurisdictional prerequisite or otherwise discuss the task or its timing as a condition precedent to maintaining a wrongful death claim.

[¶ 13] That said, we need not address those questions of interpretation in the present appeal, because this Court directed that its holding in *Johnson* was to have prospective application only. Specifically, we stated:

Although *Bircher* may have been a viable construction of the statutes as they stood at that time, it is now clear that a wrongful death action is not to be processed under the probate code, but rather is to be processed just like any other civil action. *Bircher* is overruled prospectively to the extent that it requires a wrongful death action to be brought in probate court, and to the extent that it requires a wrongful death personal representative to be the administrator or executor of the decedent's estate in probate. In reaching those conclusions, we find Wyo. Stat. Ann. § 1–38–102(a) to be unambiguous. The statute, which is part of the civil code and which serves a purpose unlike the purposes of the probate code, requires wrongful death claims to be brought by one person, called a personal representative of the deceased person, rather than by the multitude of persons who may be claimants under Wyo. Stat. Ann. § 1–38–102(c).

*Johnson*, ¶ 14, 231 P.3d at 879–80 (footnote omitted).

[¶ 14] Whether to give an opinion prospective application only is a determination to be made by this Court. *AT&T Commc'ns of the Mtn. States, Inc. v. State Bd. of Equalization,* 768 P.2d 580, 583 (Wyo. 1989). We have followed the guidance offered by the United States Supreme Court in making that determination:

In our cases dealing with the nonretroactivity question, we have generally considered three separate factors. First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, see e.g., *Hanover Shoe, Inc. v. United Shoe Machinery Corp.,* supra, 392 U.S. [481], at 496, 88 S.Ct. [2224], at 2233, [20 L.Ed.2d 1231 (1968) ], or by deciding an issue of first impression whose resolution was not

clearly foreshadowed, see, e.g., *Allen v. State Board of Elections*, supra, 393 U.S. [544], at 572, 89 S.Ct. [817], at 835, [22 L.Ed.2d 1 (1969)]. Second, it has been stressed that "we must * * * weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." *Linkletter v. Walker*, supra, 381 U.S. [618], at 629, 85 S.Ct. [1731], at 1738, [14 L.Ed.2d 601 (1965)]. Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity." *Adkins v. Sky Blue, Inc.*, 701 P.2d 549, 552 (Wyo.1985) (quoting *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971)).

[¶ 15]   Our decision to apply *Johnson* prospectively is consistent with the Supreme Court's guidance on the operation of new law, and the circumstances of the present case further illustrate the wisdom in giving this type of change prospective operation only.   First, Mrs. Nodine's cause of action accrued on December 27, 2008, and she filed her original wrongful death action on September 17, 2009, over seven months before this Court decided *Johnson.*   When Mrs. Nodine's action accrued, and when she filed her action, the law was clear that the personal representative for purposes of bringing a Wyoming wrongful death action not only could be but was required to be the personal representative appointed by the probate court.   *See Bircher v. Foster*, 378 P.2d 901, 903 (Wyo.1963), *overruled by Estate of Johnson*, 2010 WY 63, 231 P.3d 873 (Wyo.2010).   Moreover, the law allowed that personal representative to be appointed by a foreign probate court.   *Ashley v. Read Constr. Co.*, 195 F.Supp. 727, 728–29 (D.Wyo.1961).   Our holding in *Johnson* is a departure from this long-established precedent, precedent on

which Mrs. Nodine had a solid basis to rely in filing her wrongful death action.

[¶ 16]   Second, there is little cause for concern that allowing only prospective application of *Johnson* will impair operation of the law governing wrongful death actions.   A wrongful death action must be brought within two years of the decedent's date of death.   Wyo. Stat. Ann. § 1–38–102(d) (LexisNexis 2011).   We do not, therefore, anticipate an extended time during which wrongful death actions will be brought outside the procedure set forth in *Johnson.*[1]

[¶ 17]   Last, we look to the inequity that would result in applying *Johnson* retroactively.   Our concern in this type of case is that the two-year limitations period on a wrongful death claim leaves little room for imposing new procedural requirements to an already accrued action.   The present case illustrates the substantial injustice such an imposition can create.   The limitations period for Mrs. Nodine's wrongful death action began running nearly a year and a half before this Court decided *Johnson,* and she filed her original action, under pre-*Johnson* law, over seven months before our decision in *Johnson.* When the federal court dismissed Mrs. Nodine's claim without prejudice, she had only a little over one month remaining to file a claim in state court.   Imposing a new procedural requirement, and elevating that requirement to the level of a condition precedent, worked a substantial injustice that our prospective application of *Johnson* was intended to guard against.

[¶ 18]   We are particularly troubled by the result in this case, because during the fourteen months Mrs. Nodine's action was pending in federal court, even after she filed a second amended complaint five months after our decision in *Johnson,* JHMR never objected to Mrs. Nodine's capacity to bring the wrongful death action.   Instead, JHMR, which can claim no harm or prejudice as a result of Mrs. Nodine's probate appointment as the personal representative, waited until

---

1.   Additionally, we note that in its 2012 session, the legislature acted to create a statutory procedure for the appointment of the wrongful death representative, which law becomes effective July 1, 2012.   *See* House Enrolled Act No. 4, Sixty–First Legislature, 2012 Budget Session (Eff. July 1, 2012).

the limitations period had expired to raise an objection to the manner in which Mrs. Nodine was appointed the personal representative.

[¶ 19] The dismissal of an already accrued wrongful death action was not the harsh result this Court intended with its decision in *Johnson.* The decision was intended to have prospective operation only, and we thus reverse the dismissal of Mrs. Nodine's wrongful death action.[2]

### CONCLUSION

[¶ 20] This Court's decision in *Johnson* does not apply retroactively to strip Mrs. Nodine of her status as a properly appointed personal representative in her wrongful death action against JHMR. We therefore reverse the district court order dismissing that action.

---

**2.** JHMR contends that the question of whether Johnson should be applied retroactively is an issue that this Court should not consider because Mrs. Nodine did not raise the issue below. JHMR is correct that we generally will not consider issues raised for the first time on appeal. *Cooper v. Town of Pinedale,* 1 P.3d 1197, 1208 (Wyo.2000). We recognize two exceptions to that rule, however, and will consider the issue if it raises jurisdictional questions or if it is of such a fundamental nature that it must be considered. *Davis v. City of Cheyenne,* 2004 WY 43, ¶ 26, 88 P.3d 481, 490 (Wyo.2004). The issue we have been asked to address is whether a decision of this Court should be given prospective or retroactive application, with the result being something akin to a jurisdictional green light or red light. Under these circumstances, the issue fits within the exception to our rule.