IN THE SUPERIOR COURT



**FILED**

February 17, 2022 04:25 PM
SX-2018-CV-00195
**TAMARA CHARLES**
**CLERK OF THE COURT**

# SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

|  |  |
|---|---|
| **KARISMA M. ELIEN,** | |
| **PLAINTIFF,** | **Civil No. SX-18-CV-195** |
| v. | **ACTION FOR DAMAGES** |
| **NAUTI ENTERPRISES WORLDWIDE, INC. D/B/A NAUTI BAR & GRILL, COLLIN TRAINOR, AND CARLYLE BRYAN,** | **JURY TRIAL DEMANDED** |
| | **CITE AS: 2022 VI SUPER 22U** |
| **DEFENDANTS.** | |

**Appearances:**
**Trudy Fenster, Esq.**
Law Office of Trudy Fenster, P.C.,
St. Croix, U.S. Virgin Islands
*For Plaintiff*

**William E. Crabill, Esq.**
Cole Scott & Kissane, P.A.
Miami, Florida
*For Defendant Carlyle Bryan*

**Eric Hill, Esq.**
**Justin E. King, Esq.**
Kennedys Law LLP
Miami, Florida
*For Defendant Nauti Enterprises*
*Worldwide, Inc. d/b/a Nauti Bar & Grill*

## <u>MEMORANDUM OPINION AND ORDER</u>

**WILLOCKS, Presiding Judge**

¶ 1 **THIS MATTER** came before the Court for review *sua sponte*.

## BACKGROUND

¶ 2 On December 30, 2021, Plaintiff Karisma M. Elien (hereinafter "Plaintiff") filed a motion to appoint a personal representative for the estate of Defendant Collin Trainor (hereinafter "Trainor"), to substitute the same for Defendant Trainor , and a hearing on the matter.

*Elien v. Nauti Enterprises Worldwide, Inc. d/b/a Nauti Bar & Grill, et al.*
SX-18-CV-195
**Memorandum Opinion and Order**
Page 2 of 14

2022 VI SUPER 22AA

¶ 3     On January 19, 2021, Plaintiff filed a notice of filing proof of service of her December 30, 2021 motion upon Joel Treanor. On that same date, Eric A. Hiller, Esq. and Justin E. King, Esq., of Kennedys CMK LLP, counsel for Defendant Nauti Enterprises Worldwide, Inc. d/b/a Nauti Bar & Grill (hereinafter "Nauti") and former counsel for Defendant Trainor, filed a corrective notice regarding the estate of Collin Trainor.

¶ 4     On January 25, 2022 order, the Court entered an order whereby the Court ordered, inter alia, that "**within thirty (30) days from the date of entry of this Order**, Plaintiff shall **SERVE** a copy of her December 30, 2021 motion and a copy of this Order on Joel Treanor, with the method of service in compliance with the Virgin Islands Rules of Civil Procedure, and **FILE THE PROOFS OF SERVICE** thereto" and "**UPON THE TIMELY FILING OF THE PROOFS OF SERVICE**, Plaintiff's December 30, 2021 motion for the appointment of Joel Treanor as the personal representative of Defendant Trainor's estate is **GRANTED**, Plaintiff's December 30, 2021 motion for the substitution of Joel Treanor as the personal representative of Defendant Trainor's estate in place of Defendant Trainor is **GRANTED**, Joel Treanor is **APPOINTED** as the personal representative of Defendant Trainor's estate, and Joel Treanor as the personal representative of Defendant Trainor's estate is **SUBSTITUTED** in place of Defendant Trainor" and that "Plaintiff's December 30, 2021 motion for a hearing on the matter is **DENIED**." (Jan. 25, 2022 Order) (emphasis in original.)[1]

---

[1] In the January 25, 2022 order, the Court explained:

> **Plaintiff's December 30, 2021 motion to appoint a personal representative for the estate of Defendant Trainor, to substitute the same for the deceased Defendant, and a hearing on the matter**
>
> In her motion, Plaintiff moved the Court to "substitute Mr. [Joel] Treanor as the personal representative for the deceased party in accordance with Title 5 V.I.C. § 78 and Rule 25 of the Virgin Islands Rule of Civil Procedure" and a hearing on the matter (Dec. 30, 2021 Motion, pp. 1, 3.) Plaintiff advised the Court that "[o]n September 16, 2021, former counsel for Collin Treanor [sic], deceased, informed undersigned counsel that Joel Treanor, the brother of the deceased, who resides at 1490 Stacey Road, Fairview, Texas 75069, is handling the affairs of the deceased in Texas." (Id., at p. 2.) Plaintiff further advised

*Elien v. Nauti Enterprises Worldwide, Inc. d/b/a Nauti Bar & Grill, et al.*
SX-18-CV-195
**Memorandum Opinion and Order**
Page 3 of 14

2022 VI SUPER 22u

¶ 5     On January 25, 2022, Plaintiff refiled a notice of filing proof of service of her December 30, 2021 motion upon Joel Treanor.

¶ 6     On January 27, 2022, Plaintiff filed a notice whereby Plaintiff advised the Court of her compliance with the Court's January 25, 2022 order—to wit, a copy of the January 25, 2022 order and a copy of her December 30, 2021 motion were served upon Joel Treanor. On the same date, Eric A. Hiller, Esq. filed a notice whereby he advised the Court that the January 19, 2021 notice "shall serve as [its] response to [P]laintiff's Motion, which is due to be summarily denied." (Jan. 27, 2022 Hiller Notice.)

---

that "[a] process server has been engaged to personally serve Mr. [Joel] Treanor" and that "[n]otice of service will be filed with the Court once received." (Id.) As of the date of this Order, no opposition was filed in response to Plaintiff's December 30, 2021 motion.

     Under Rule 25 of the Virgin Islands Rule of Civil Procedure (hereinafter "Rule 25"), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party" and "[a] motion for substitution may be made by any party or by the decedent's successor or representative," which "may be granted at any time within two years after the death." V.I. R. Civ. P. 25(1). Under Title 5 V.I.C. § 78, "[n]o action shall abate by the death or disability of a party or by the transfer of any interest therein, if the cause of action survives or continues" and "[i]n case of the death or disability of a party, the court may at any time within two years thereafter, on motion, allow the action to be continued by or against his personal representatives or successor in interest." Title 5 V.I.C. § 78. Having been advised on the premises, the Court is inclined to grant Plaintiff's December 30, 2021 motion for the appointment of Joel Treanor as the personal representative of Defendant Trainor's estate and for the substitution of Joel Treanor as the personal representative of Defendant Trainor's estate in place of Defendant Trainor. However, the record does not reflect that Plaintiff served a copy of her December 30, 2021 motion upon Joel Treanor—to wit, as of the date of this Order, no proof of service has been filed. Accordingly, the Court will order Plaintiff to serve a copy of her December 30, 2021 motion and a copy of this Order on Joel Treanor and file the proofs of service thereto. Upon the timely filing of the proofs of service, Plaintiff's December 30, 2021 motion is granted for the appointment of Joel Treanor as the personal representative of Defendant Trainor's estate and for the substitution of Joel Treanor as the personal representative of Defendant Trainor's estate in place of Defendant Trainor, Joel Treanor is appointed as the personal representative of Defendant Trainor's estate, and Joel Treanor as the personal representative of Defendant Trainor's estate is substituted in place of Defendant Trainor. The Court will deny Plaintiff's December 30, 2021 motion for a hearing on the matter.

(Jan. 25, 2022 Order, pp. 2-3.)

*Elien v. Nauti Enterprises Worldwide, Inc. d/b/a Nauti Bar & Grill, et al.*
SX-18-CV-195
**Memorandum Opinion and Order**
Page 4 of 14

2022 VI SUPER 22u

## DISCUSSION

¶ 7    For reasons unknown, the two notices filed on January 19, 2021 were not reflected on the docket and the Court was unaware of those notices when the Court prepared and entered the January 25, 2022 order.

¶ 8    In their January 19, 2022 notice, Eric A. Hiller, Esq. and Justin E. King, Esq. advised the Court of the following:

> 12. On September 15, 2021, the undersigned received information, which later provided to be inaccurate, that the brother of the deceased, Joel Treanor, was next of kin and would be handling his brother's affairs. Acting in good faith, the undersigned served Joel Treanor with the Suggestion of Death on September 28, 2021 and provided his address to plaintiff.

> 13. Thereafter, the parties submitted a Joint Notice and Motion to Modify the Scheduling Order, providing time for plaintiff to move to appoint Joel Treanor as a personal representative to the estate. Plaintiff served Joel Treanor with such motion on or about January 6, 2022.

> 14. Following receipt of service, Joel Treanor contacted undersigneds on January 14, 2022, and informed them that he was not an administrator, beneficiary, or even heir to his brother's estate.

> 15. In good faith, undersigned immediately emailed plaintiff's counsel to inform her and drafted the instant notice.

> 16. The undersigneds' "attorney-client relationship" with Collin Treanor "was severed at the time of [his] death", Id. at 2, and they no longer have "standing, to file a motion [or opposition] on his behalf." Id. at *2, n.5. At this time, the undersigneds have not been retained to represent the Estate of Collin Treanor, nor Joel Treanor.

> 17. Therefore, undersigned files this notice only to correct the record and clarify that Joel Treanor is neither a beneficiary, administrator, nor heir to his brother's estate. In short, Joel Treanor was not the proper party to accept service of the Suggestion of Death.

> 18. As it now stands, undersigneds are unaware of the status of any probate matters or whether the Superior Court has appointed an administrator for Collin Treanor's estate.

(Jan. 19, 2022 Hiller and King Notice.)

*Elien v. Nauti Enterprises Worldwide, Inc. d/b/a Nauti Bar & Grill, et al.*
SX-18-CV-195
**Memorandum Opinion and Order**
Page 5 of 14

2022 VI SUPER 22u

¶ 9    In light of Eric A. Hiller, Esq. and Justin E. King, Esq.'s January 19, 2022 notice, the Court must revisit Plaintiff's December 30, 2021 motion to appoint Joel Treanor as the personal representative of Defendant Trainor's estate and substitute Joel Treanor as the personal representative of Defendant Trainor's estate in place of Defendant Trainor.

¶ 10    Before the Court proceeds any further, the Court must clarify that an estate exists upon the death of the decedent, regardless of whether someone has purported to open the estate in a formal probate proceeding. *See Augustin v. Hess Oil Virgin Islands Corp.*, 67 V.I. 488, 514 (V.I. Super. Ct. Aug. 23, 2017) ("The Personal Representatives are correct in one regard: an "estate exists upon the death of the decedent, whether a probate has been opened or not. The opening of probate does not create an estate."). The formal probate proceedings are for the administration of the estate of the decedent. *Cf.* V.I. R. Prob. 3(a) ("The initial step in the administration of the estate of a person who died testate -- *i.e.*, leaving a will -- is the filing of the petition for probate of the will and for issuance of letters testamentary, approving appointment of an executor or administrator authorized to administer the estate."); V.I. R. Prob. 4(a) ("If the deceased died intestate -- *i.e.*, without leaving a will -- the initial step in the administration of the estate is the filing of a petition for administration and for letters of administration.").

### A. Standard of Review

¶ 11    Under Title 5 V.I.C § 77, claims "arising out of a wrong which results in physical injury to the person or out of a statute imposing liability for such injury shall not abate by reason of the death of the wrongdoer or any other person liable for damages for such injury, nor by reason of the death of the person injured or of any other person who owns any such thing in action." Title 5 V.I.C § 77. If a claim has been filed and is still pending when the person dies, the procedure for the substitution of the decedent's personal representatives or successor requires a motion and is

*Elien v. Nauti Enterprises Worldwide, Inc. d/b/a Nauti Bar & Grill, et al.*
SX-18-CV-195
**Memorandum Opinion and Order**
Page 6 of 14

2022 VI SUPER 22 4

governed by Title 5 V.I.C. § 78 (hereinafter "Section 78") and Rule 25 of the Virgin Islands Rules of Civil Procedure (hereinafter Rule 25"). Title 5 V.I.C. § 78;[2] V.I. R. Civ. P. 25.[3] Both Section 78 and Rule 25 set forth a two-year deadline after the date of the death to file the motion for substitution. *Id.* While some jurisdictions require a personal representative, such as an executor or an administrator, to be appointed first by opening an estate via a formal probate proceeding, the Virgin Islands Supreme Court, in promulgating Rule 17(e) of Virgin Islands Rules of Civil Procedure (hereinafter "Rule 17(e)"), expressly eliminated the requirement to open an estate via a formal probate proceeding as a prerequisite for a plaintiff bringing or maintaining wrongful death

---

[2] Title 5 V.I.C. § 78 provides:

§ 78. Substitution of parties

No action shall abate by the death or disability of a party or by the transfer of any interest therein, if the cause of action survives or continues. In case of the death or disability of a party, the court may at any time within two years thereafter, on motion, allow the action to be continued by or against his personal representatives or successor in interest.

Title 5 V.I.C. § 78

[3] Rule 25(a) provides, in relevant part:

Rule 25. Substitution of Parties

(a) Death.

(1) *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. The motion may be granted at any time within two years after the death.

(2) *Continuation Among the Remaining Parties.* After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.

(3) *Service.* A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner.

V.I. R. Civ. P. 25(a).

*Elien v. Nauti Enterprises Worldwide, Inc. d/b/a Nauti Bar & Grill, et al.*
SX-18-CV-195
**Memorandum Opinion and Order**
Page 7 of 14

2022 VI SUPER 224

suits filed under Title 5 V.I.C. § 76 and survival actions filed under Title 5 V.I.C. § 77. *See* V.I.

R. CIV. P. 17(e);[4] *see also Raymond v. Assefa*, 69 V.I. 953 (V.I. 2018).[5]

### B. Analysis

¶ 12    The Court notes at the outset that Plaintiff's December 30, 2021 motion was timely filed

within the two-year deadline set forth in Section 78 and Rule 25.

¶ 13    In the Virgin Islands, personal injury claims survive after a person's death. *See* Title 5

V.I.C. § 77.   In her first amended complaint, Plaintiff alleged that Defendant Trainor's conduct

caused her to sustain physical injury.[6] As such, the Court finds that Plaintiff's personal injury claim

against Defendant Trainor did not abate by reason of Defendant Trainor's death.

---

[4] Rule 17(e) of Virgin Islands Rules of Civil Procedure provides:

> Rule 17. Plaintiff and Defendant; Capacity; Public Officers
>
> …
>
> (e) Actions for Wrongful Death and Survival.
>
> In wrongful death suits filed under 5 V.I.C. § 76 and in survival actions filed under 5 V.I.C. § 77, the action may be prosecuted in the name of a plaintiff identified in the complaint as acting as a personal representative. The named plaintiff shall serve as personal representative throughout the proceeding unless replaced by order of the court.
>
> V.I. R. CIV. P. 17(e).

[5] The Virgin Islands Supreme Court pointed out in *Raymond*,

> Importantly, the accompanying Advisory Committee Note emphasizes that the purpose of Rule 17(e) is to clarify that a probate estate need not be opened as a prerequisite to appointment of a personal representative under sections 76 or 77:
>
>> Subpart (e) is a provision dealing specifically with wrongful **death** and survival actions under 5 V.I.C. §76 and § 77. *To avoid any unnecessary requirement to open an estate*, and to permit swift commencement of proceedings where required for statute of limitations or other purposes, this subpart of the rule provides that an action may be prosecuted in the name of a plaintiff who is identified in the complaint as acting as a personal representative, although court appointment to that position has not at that time been made. The named plaintiff will serve as personal representative throughout the proceeding unless replaced by order of the court. V.I. R. CIV. P. 17 ADVISORY COMMITTEE NOTE (emphasis added).
>
> *Raymond*, 69 V.I. at 958-59.

[6] In her first amended complaint, Plaintiff alleged, inter alia:

> …
>
> 21. That as a direct and proximate result of one or more of these negligent acts and/or omissions of the Defendants individually and by and through their agents servants and employees the Plaintiff was caused to fall in grease on the floor and injure herself.

*Elien v. Nauti Enterprises Worldwide, Inc. d/b/a Nauti Bar & Grill, et al.*
SX-18-CV-195
**Memorandum Opinion and Order**
Page 8 of 14

2022 VI SUPER 22u

¶ 14    However, in this instance, Rule 17(e) is not applicable here since Rule 17(e) only expressly eliminates the requirement to open an estate as a prerequisite for a plaintiff bringing or maintaining wrongful death suits filed under Title 5 V.I.C. § 76 and survival actions filed under Title 5 V.I.C. § 77, and does not contemplate whether an estate must be opened first via a formal probate proceeding when the decedent is the defendant.[7] *See* V.I. R. Civ. P. 17, Advisory Committee Note ("Subpart (e) is a provision dealing specifically with wrongful death and survival actions under 5 V.I.C. §76 and § 77. To avoid any unnecessary requirement to open an estate, and to permit swift commencement of proceedings where required for statute of limitations or other purposes, this subpart of the rule provides that **an action may be prosecuted in the name of a plaintiff who is identified in the complaint as acting as a personal representative**, although court appointment to that position has not at that time been made. **The named plaintiff will serve as personal representative** throughout the proceeding unless replaced by order of the court.") (emphasis added). Thus, the Court must determine whether an estate must be opened first via a formal probate proceeding for Defendant Trainor before the appointment of a personal representative to substitute in place of Defendant Trainor in this matter. Currently, there are no

---

22. That as a direct and proximate result of this fall the Plaintiff has suffered severe extensive recurring and permanent injuries both externally and internally and was and will continue to be hindered in attending to usual duties and affairs and has lost and will in the future lose the value of this time.

(FAC.)

[7] The Court finds the pertinent language of Rule 17(e) plain and unambiguous, and thereby the Court will give effect to the plain words of the rule. *See Banks of N.S. v. Dore*, 57 V.I. 105, 113-14 (Super. Ct. Oct. 19, 2012) (citing *Corraspe v. People*, 53 V.I. 470, 480-481 (V.I. 2010) ("The rules of this Court are applied using the same standards which govern the construction of statutes" and "the primary objective of the trial court is to give effect to plain words utilized in the subject rule."); *People v. Rivera*, 54 V.I. 116, 125 (Super. Ct. 2010) ("The procedural rules of courts are construed in accordance with the canons of statutory construction."); *In re People*, 49 V.I. 297, 306 (V.I. 2007)) ("We believe the pertinent language is plain and unambiguous, thereby dispensing with a resort to the canons of construction."). If the drafter of the Virgin Islands Rules of Civil Procedure intended to eliminate the requirement to open an estate as a prerequisite for both plaintiffs and defendants, they clearly could have done so by including such language.

*Elien v. Nauti Enterprises Worldwide, Inc. d/b/a Nauti Bar & Grill, et al.*
SX-18-CV-195
**Memorandum Opinion and Order**
Page 9 of 14

2022 VI SUPER 22૫

Virgin Islands laws or rules and no prior precedent from the Virgin Islands Supreme Court addressing this issue. Assume for argument's sake that an estate need not be opened first via a formal probate proceeding, can anyone be appointed as the personal representative of Defendant Trainor's estate, even an unwilling participant to this fiduciary role? The Court's concern is that an unwilling participant may not litigate with the best interest of Defendant Trainor's estate in mind, and instead, may simply concede to everything or do nothing to make the case go away. On the other hand, assume for argument's sake that an estate must be opened first via a formal probate proceeding, then must the Court appoint the executor/administrator of the probated estate to be the personal representative, or can anyone be appointed as the personal representative? In *Augustin*, the court pointed out that "Virgin Islands law does not define the phrase 'personal representative' – at least not in the context of prosecuting or defending civil actions in court" and thus, the court had concerns regarding the capacity of the personal representative. 67 V.I. at 506. The *Augustin* court also pointed out that Title 5 V.I.C. § 4901 and Title 15 V.I.C. § 601 support viewing the terms "executor, "administrator," and "personal representative" synonymously, and also noted the resulting conflict between Title 15 V.I.C. § 601 and Title 5 V.I.C. § 78 if these terms of art are not synonymous.[8] Moreover, the *Augustin* court had the following concerns regarding the appointment of a personal representative without first opening an estate via formal probate proceeding:

---

[8] The *Augustin* court stated:

> If the phrase "personal representative" does not include "executor" and "administrator," meaning these terms of art are not synonymous, then section 601, which directs that the executor or administrator must continue the action after death, directly conflicts with sections 78 of title 5, which directs that the personal representative continues the action after death. *Compare* 15 V.I.C. § 601 ("When the cause of action survives, as herein provided, the executors or administrators may maintain an action thereon against the party against whom the cause of action accrued, or, after his death, against his personal representatives."), *with* 5 V.I.C. § 78 ("In case of the death or disability of a party, the court may … allow the action to be continued by … his personal representatives."). But if executors and administrators are simply two types, or species as the Personal Representatives put it, of personal representatives — just as magistrates, judges, and justices are all types of judicial officers — then there is no conflict. A personal representative would include both an

*Elien v. Nauti Enterprises Worldwide, Inc. d/b/a Nauti Bar & Grill, et al.*
SX-18-CV-195
**Memorandum Opinion and Order**
Page 10 of 14

2022 VI SUPER 22\(\u\)

...The Personal Representatives are correct in one regard: an "estate exists upon the death of the decedent, whether a probate has been opened or not. The opening of probate does not create an estate." (Supp. Br. 13.) ...

> "The term probate is commonly used with reference to the formal establishment of a document as the last will and testament of the testator as a basis for the distribution of his property and the issuance of letters testamentary to the persons named therein as executors. ... The term "probate," however, also has a broader meaning, including all proceedings incident to the administration and settlement of estates and perhaps also the establishment of the meaning of a will as well as its execution."

*In re Estate of Alexander*, 63 A.D.2d 612, 405 N.Y.S.2d 613, 614 (1978) (Murphy, P.J., dissenting) (quoting *Chase Nat'l Bank v. Chicago Title & Trust Co.*, 164 Misc. 508, 299 N.Y.S. 926, 941 (Sup. Ct. 1934)); *accord In re: Will of Lamb*, 303 N.C. 452, 279 S.E.2d 781, 786 (1981) ("The word 'probate' means the judicial process by which a court of competent jurisdiction in a duly constituted proceeding tests the validity of the instrument before the court, and ascertains whether or not it is the last will of the deceased." (citing *In re Will of Marks*, 259 N.C. 326, 130 S.E.2d 673 (1963); *Brissie v. Craig*, 232 N.C. 701, 62 S.E.2d 330 (1950); *Steven's Executors v. Smart's Executors*, 4 N.C. 83 (1814)).

It is this broader and more general sense of the word probate the Court had in mind, the proceedings to administer, settle, and transfer one person's property — both real and personal, including choses in action — to another and how courts in the Virgin Islands empower a personal representative to take on some of this responsibility if letters testamentary or of administration are not issued. ... If the Court was imprecise earlier, the Court elaborates here, because one of the reservations the Court had concerned potential creditors, particularly if the phrase personal representative was intended to be synonymous with the terms executor or administrator, as well as other heirs of the decedent.

If personal representatives are appointed in the Superior Court of the Virgin Islands through "what are essentially *ex parte*, non-adversarial miscellaneous proceedings that give a semblance of legal status to an estate, but without formally opening an estate or, for example, giving notice to creditors or requiring that the personal representative acting on the estate's behalf be bonded," *Alumina Dust Claims*, 2017 V.I. LEXIS 2, at *33 n.3 (citing 15 V.I.C. § 239(a)), then indeed "[c]oncerns could arise." *Id.* First, the judge presiding over the civil action has no assurances that the personal representative appointed by the Probate Court is the proper party. *But see* V.I. R. CIV. P. 25(a)(1) ("If a party dies and the claim is not extinguished, the court may order substitution of the proper party."). That is, the judge presiding over the civil action does not determine whether the proposed

---

executor and an administrator. That would also mean that a personal representative must be either an executor or an administrator.

67 V.I. at 507-08.

Nevertheless, the issue of whether the terms "executor," "administrator," and "personal representative" are synonymous in the context of prosecuting or defending civil actions in court was not resolved in *Augustin*.

*Elien v. Nauti Enterprises Worldwide, Inc. d/b/a Nauti Bar & Grill, et al.*
SX-18-CV-195
**Memorandum Opinion and Order**
Page 11 of 14

2022 VI SUPER 22u

personal representative is the proper party. Instead, the probate court makes the appointment through an *ex parte*, non-adversarial, miscellaneous probate proceeding that occurs outside of the civil action. The tail wags the dog here. What else can the judge presiding over the civil action do, other than allow substitution by the person the probate court appointed? If that is correct, it effectively deprives the judge of any discretion to decide whether to allow substitution and who to substitute. *Cf. In re Estate of Johnson*, 2010 WY 63, 231 P.3d 873, 881 (2010) ("The only test of who is appointed as personal representative, despite the lack of guidance within the wrongful death act, cannot simply be who first gets to the courthouse.").

Similarly, regarding creditors, must the personal representative appointed through a miscellaneous probate proceeding give notice to creditors? Virgin Islands law requires that "[e]very executor or administrator shall, immediately after his appointment, publish a notice . ... Such notice shall require all persons having claims against the estate to present them, with the proper vouchers, within six months from the date of the notice, to the executor or administrator." 15 V.I.C. § 391. If executors and administrators are a "specie" of personal representatives, then shouldn't even the personal representative appointed to take over a pending civil action have to give notice to creditors? Or, does the personal representative only have to commence probate proceedings and formally open an estate once judgment is entered or a settlement reached, assuming money exchanges hands? Or can the personal representative bypass probate entirely? If so, it could mean that Virgin Islands courts are unknowingly complicit in helping the heirs avoid the creditors' claims of the deceased. Assume for argument's sake that a jury awards Mrs. Calixte or Clarke-Baptiste three million dollars in damages. Assume further that Mr. Calixte or Mr. Clarke, before they died, left a two-thousand-dollar balance due on a credit card or a five-hundred-dollar bill with a local vendor. Mrs. Calixte and Clarke-Baptiste's response to the Court's concerns is that, that's not their concern. They do not have to give notice to creditors at any time, even if after they receive a sizeable settlement, because they do not have to commence formal probate proceedings at any time. Instead, "the onus is on the *creditor* to open probate: 'All awards for the decedent's estate are subject to the claims of *creditors who have complied with the requirements of probate law* concerning claims.' " (Supp. Br. 7-8 (quoting 5 V.I.C. § 76(e)).)

Lastly, if the person appointed personal representative to maintain or commence a survival action does not have to be named in a will or qualified under the law as an administrator, *see* 15 V.I.C. §§ 235(a), 236, then disputes could arise later over whether that person was in fact the proper party or even a proper party. *Cf.* V.I. R. CIV. P. 25(a)(1) ("[T]he court may order substitution of *the proper party*." (emphasis added)). Two other Superior Court judges have raised similar concerns. *See generally Brown v. Lorillard, Inc.*, ST-10-CV-692, 2012 V.I. LEXIS 107, at *5-7 (Super. Ct. Mar. 30, 2012) ("While this Court cannot disregard the persuasive authority allowing an individual who has not received letters testamentary or letters of administration to represent a yet-to-be probated estate, the Court does question the wisdom of eliminating the initiation of probate proceedings, at least the acquisition of letters testamentary or letters of administration, and only reluctantly follows the holdings cited by Plaintiff. ***This Court has***

*Elien v. Nauti Enterprises Worldwide, Inc. d/b/a Nauti Bar & Grill, et al.*
SX-18-CV-195
**Memorandum Opinion and Order**
Page 12 of 14

2022 VI SUPER 224

*significant reservations about allowing the substitution to take place.* Among those reservations are: (1) it is not clear whether decedent's son, Christian Brown, is decedent's only heir at law; (2) it is not clear whether Christian Brown will be able to actually participate as the legal representative of the estate; (3) it is not clear whether there are any assets other than the 'choice in action' belonging to the estate; (4) if the will is probated, and counsel for Plaintiff becomes the executor, there could be a conflict of interest; (5) it is unclear whether the creditors of the estate are being timely advised of existing or potential assets to satisfy any indebtedness of the estate; and (6) it is unclear whether there exist any other heirs at law who may contest the will. In light of these concerns, although the Court will allow the substitution, the Court will keep a watchful eye on the proceedings, and reserve the right to reverse its decision on substitution should sufficient information surface confirming inequities." (footnote omitted)); *England v. Lorillard, Inc.*, ST-10-CV-631, 2012 V.I. LEXIS 106, at *3-4 (Super. Ct. Jan. 23, 2012) ("The Defendants argue that without being appointed executor of Mr. England's estate, Gerald has no authority to act as a 'personal representative or successor in interest.' The Plaintiff asserts that because a wrongful death claim is a unified claim, it must be brought by the personal representative if only one child wants it. It does not matter whether one of the children disagrees. The Court agrees with the Plaintiff that the Wrongful Death Statute governs a party's right of action, not procedure, and as such does not prevent the Court from substituting Gerald as the Plaintiff at this time. However, there does appear to be a question as to Gerald's ability to bring a wrongful death claim without being appointed executor by the probate division. The Defendants represented that they will not contest Gerald's appointment as executor. As such, in an exercise of caution, the Court will order that the Plaintiff offer Mr. England's will for probate before requiring that Gerald file an amended complaint." (quoting 5 V.I.C. § 78)). Here, for example, Burton-King petitioned for appointment as personal representative to continue Mr. Burton's lawsuit, but after the Burtons had petitioned to settle Mr. Burton's estate without administration. Because the probate court already entered its final adjudication and distributed Mr. Burton's estate, the Burtons might not be able to seek relief from that final order later, should they be unable to agree among themselves on how to distribute whatever damages may be awarded or settlement amounts received from this lawsuit. *Cf. In re Estate of Watson*, SX-91-PB-126, 2015 V.I. LEXIS 151, at *11-15 (Super. Ct. App. Div. Mar. 19, 2015) (reopening estates governed by same law regarding relief from final judgments).

*Augustin*, 67 V.I. at 514-17 (emphasis in original).

¶ 15 The Court has the same concerns here. In *Augustin*, those concerns were mooted by the promulgation of Rule 17(e) because the decedent was the plaintiff. However, as noted above, Rule 17(e) is not applicable in this matter. As such, at this juncture, the Court will vacate the portions of the January 25, 2022 order granting Plaintiff's December 30, 2021 motion, appointing Joel Treanor as the personal representative of Defendant Trainor's estate, and substituting Joel Treanor

as the personal representative of Defendant Trainor's estate in place of Defendant Trainor, and give the parties an opportunity to address the Court's concerns. The Court will reserve ruling on Plaintiff's December 30, 2021 motion to appoint a personal representative for the estate of Defendant Trainor and to substitute the same for Defendant Trainor.

## CONCLUSION

Based on the foregoing, it is hereby:

**ORDERED** that the portions of the January 25, 2022 order granting Plaintiff's December 30, 2021 motion, appointing Joel Treanor as the personal representative of Defendant Trainor's estate, and substituting Joel Treanor as the personal representative of Defendant Trainor's estate in place of Defendant Trainor shall be and is hereby **VACATED. And** it is further:

**ORDERED** that, **on or before June 30, 2022,** Plaintiff **SHALL** file a supplemental brief, and Defendant Nauti and Defendant Carlyle Bryan **MAY** file a supplemental brief addressing the following questions:

1. Whether an estate must be opened first via a formal probate proceeding for Defendant Trainor before the appointment of a personal representative to substitute in place of Defendant Trainor in this matter?

2. Assuming that an estate need not be opened first via a formal probate proceeding, can anyone be appointed as the personal representative, even an unwilling participant to this fiduciary role?

3. Assuming that an estate must be opened first via a formal probate proceeding, then must the Court appoint the executor/administrator of the probated estate to be the personal representative, or can anyone be appointed as the personal representative?

4. If disputes arises later over whether the person appointed as the personal representative and substituted in for Defendant Trainor was in fact the proper party or even a proper party, how could these disputes be prevented?

The parties are reminded to perform a *Banks* analysis when required and cite the proper legal authority, statute, and/or rule in support of their respective supplemental briefs. The Court will

*Elien v. Nauti Enterprises Worldwide, Inc. d/b/a Nauti Bar & Grill, et al.*
SX-18-CV-195
**Memorandum Opinion and Order**
Page 14 of 14

2022 VI SUPER 22u

reserve ruling on Plaintiff's December 30, 2021 motion to appoint a personal representative for

the estate of Defendant Trainor and to substitute the same for Defendant Trainor. To be clear, each

party has the opportunity to file one supplemental brief and will not be permitted to file additional

briefs in response to another party's supplemental brief without leave of the Court.

**DONE and so ORDERED this __18th__ day of February 2022.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor II

Dated: ___2/17/2022___

**HAROLD W.L. WILLOCKS**
**Presiding Judge of the Superior Court**

## SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

KARISMA M. ELIEN,

PLAINTIFF,

v.

NAUTI ENTERPRISES WORLDWIDE,
INC. D/B/A NAUTI BAR & GRILL, COLLIN
TRAINOR, AND CARLYLE BRYAN,

DEFENDANTS.

Civil No. SX-18-CV-195

ACTION FOR DAMAGES

JURY TRIAL DEMANDED

## ORDER

**THIS MATTER** is before the Court *sua sponte* for review.

On February 14, 2022, Eric A. Hiller, Esq. and Justin E. King, Esq., of Kennedys CMK LLP, counsel for Defendant Nauti Enterprises Worldwide, Inc. d/b/a Nauti Bar & Grill (hereinafter "Nauti") and former counsel for Defendant Collin Trainor (herienafter "Trainor"), filed a motion to reconsider, set aide, and/or vacate order appointing Joel Treanor as personal representative for the estate of Defendant Trainor. In light of the memorandum opinion and order entered contemporaneously herewith, the Court will deny as moot Eric A. Hiller, Esq. and Justin E. King, Esq.'s motion to reconsider.

Additionally, Eric A. Hiller, Esq. and Justin E. King, Esq. previously represented in their January 19, 2022 Notice that they were "unaware of the status of any probate matters or whether the Superior Court has appointed an administrator for Collin Treanor's estate." (Jan. 19, 2022 Notice ¶ 18.) It has now come to the Court's attention that a probate matter has been open in connection with the estate of "Collin Burroughs Treanor,"[1] probate case no. SX-2021-PB-098, but no administrator or executor has been appointed.[2]

Having been advised of the premises, it is hereby:

---

[1] The parties have spelled Defendant Trainor's last name as "Trainor" and as "Treanor."

[2] In probate case no. SX-2021-PB-098, a petition for settlement without administration pursuant to Title 15 V.I.C. § 191 was filed by petitioner John G. Treanor aka John Treanor, the decedent's father, and petitioner Vicki L. Wilson aka Victoria L. Wilson aka Victoria Lynn Wilson, the decedent's mother.

**ORDERED** that Eric A. Hiller, Esq. and Justin E. King, Esq.'s motion to reconsider, set aside, and/or vacate order appointing Joel Treanor as personal representative for the estate of Defendant Trainor, filed on February 14, 2022, is **DENIED AS MOOT**.

**DONE and so ORDERED this $\underline{18^{th}}$ day of February 2022.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk ~~Supervisor~~ II

Dated: _____2/17/2022_____

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**